IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA (Rural Development),<br><br>    Plaintiff<br><br>    v.<br><br>JOHN DOE and RICHARD ROE, as those unknown persons who may be the holders of the lost mortgage note or have any interest in this proceeding,<br><br>    Defendants | CIVIL NO. 09-1044 (JP) |

**JUDGMENT BY DEFAULT**

Before the Court is Plaintiff's motion for default judgment (**No. 7**). Defendants were duly served by publication pursuant to Order of this Court (No. 4) and notice published in the newspaper during the days of April 8, 15, 22, 29 and May 6 and 13, 2009, as per verified statement filed with the Clerk of this Court. Pursuant to Rule 4 of the Rules of Civil Procedure of Puerto Rico, Article 82 of the Mortgage Law, P.R. Laws Ann. tit. 30, § 156, and 28 U.S.C. § 1655, the Defendants were ordered to appear and answer the complaint. Noting that none of the Defendants has appeared or answered the Complaint, after due deliberation and consideration, the Court makes the following findings of fact and conclusions of law.

**I.   FINDINGS OF FACT**

On or before January 25, 1980, Rafael Reyes-Colón and Consuelo Roldán-Dones, received from the United States of America, acting

CIVIL NO. 09-1044 (JP)          -2-

through the U.S. Department of Agriculture, Rural Development, a loan in the amount of $31,000.00 on the property described below.

In evidence of the money lent by Plaintiff United States of America, Rural Development, Rafael Reyes-Colón and Consuelo Roldán-Dones, executed in favor of the Plaintiff a promissory note dated January 25, 1980, in the amount of $31,000.00, payable to Department of Agriculture Rural Development.

To secure the payment of said promissory note, Rafael Reyes-Colón and Consuelo Roldán-Dones, executed a first mortgage in favor of the Plaintiff, United States of America, on January 25, 1980, by first mortgage deed No. 19 before Notary Public Ernesto J. Hernández-Barreras, over the following described property:

> **RUSTICA: Solar situado en el BARRIO SUMIDERO de Aguas Buenas, Puerto Rico, marcado en el plano de inscripción de la finca principal con el No. 6, compuesto de 525.00 metros cuadrados que mide y colinda por el Norte, en 15.00 metros con la faja de terreno segregada de la finca principal y dedicada a uso público; por el Sur, en 15.00 metros con el resto de la finca principal propiedad de los comparecientes José Suárez Santos y su esposa Gloria E. Díaz; por el Este, en 35.00 metros con el solar marcado en el plano de inscripción de la finca principal con el No. 5 que aún forma parte de la misma; y por el Oeste, en 35.00 metros con el solar No. 7 de dicho plano que forma aún parte de la finca principal.**

The aforementioned First Mortgage Deed executed in favor of the Plaintiff was duly recorded in the Property Registry of Caguas II, at page 249, volume 238 of San Lorenzo, property number 12393, 1st inscription, where said mortgage appears in full force and effect.

CIVIL NO. 09-1044 (JP)          -3-

Pursuant to the title study, the property is presently recorded in favor of Natividad Camacho-de Jesús and Rafael Torres-Ramos, through deed number 30 executed before Notary Public José Fernando Aponte-Aragoneses, dated April 25, 2002.

According to information from Plaintiff United States of America, Rural Development, the original promissory note of $31,000.00 dated January 25, 1980, described above, while in possession of and under the custody of said agency, was apparently lost, misplaced or destroyed and although a thorough search has been made and has been unable to find or locate said note.

The indebtedness assumed by Rafael Reyes-Colón and Consuelo Roldán-Dones, to the Plaintiff, has been paid in full.

## II.  CONCLUSIONS OF LAW

Articles 132 and 134 of the Mortgage Law of 1979 as amended, P.R. Laws Ann. tit. 30, §§ 2456, 2458, provides that when a mortgage note has been lost, the mortgage may be canceled by the Registrar of Property only by judicial decree that the mortgage obligation is extinguished.  Said decree must be issued by a court of competent jurisdiction in a civil proceeding such as authorized by the Code of Civil Procedure of Puerto Rico. Accordingly, the Court hereby **ENTERS JUDGMENT** against the Defendants herein declaring that the aforementioned mortgage obligation is extinguished.  The Court also hereby **ORDERS:**

CIVIL NO. 09-1044 (JP)          -4-

(1) that the promissory note in the amount of $31,000.00, on the unpaid balance executed by Rafael Reyes-Colón and Consuelo Roldán-Dones, on January 25, 1980, the possession of whomsoever it may now be or become in the future, is hereby declared null and void, and therefore canceled; and

(2) that the Registrar of the Property of Caguas II, Puerto Rico, cancel and nullify the real estate voluntary mortgage executed by Rafael Reyes-Colón and Consuelo Roldán-Dones, to secure the payment of the promissory note above described and referred to in the complaint, constituted by the terms of Voluntary Mortgage Deed No. 19 executed before Notary Public Ernesto J. Hernández-Barreras on January 25, 1980, and which was recorded in the Registry of Property of Caguas II, Puerto Rico, at page 249, volume 238 of San Lorenzo, Puerto Rico, property number 12393, 1st inscription.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of July, 2009.

                                                  s/Jaime Pieras, Jr.
                                                    JAIME PIERAS, JR.
                                    U.S. SENIOR DISTRICT JUDGE